```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                PLAINTIFF

    v.                    NO. 2:09cr20020-RTD-1

RAY SCOTT CRAVENS                                       DEFENDANT

## SENTENCING MEMORANDUM

The Federal Sentencing Guidelines are advisory in nature. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). After determining the guideline range, the district court should address the statutory sentencing factors at 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). A challenge to the reasonableness of a sentence imposed by the district court is reviewed for abuse of discretion. *United States v. Price*, 542 F.3d 617, 622 (8th Cir. 2008). For the reasons that follow, the Court will vary downward under section 3553(a) from the advisory Sentencing Guidelines in the case of *United States v. Ray Scott Cravens*.

District courts have an institutional advantage over other courts in determining the appropriateness of a sentence based on the facts of a particular case and the application of the sentencing factors at section 3553(a). *United States v. Bueno*, 549 F.3d 1176, 1182 (8th Cir. 2008). Pursuant to section 3553(a), a district court should consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In the present case, the

evidence presented indicates that Defendant has been compliant with all requests made by probation since his arrest in this case. He has maintained active employment, and the materials before the Court indicate that he can return to society as a productive citizen following a term of imprisonment. Defendant has maintained a close relationship with his family throughout his legal troubles. They have provided a support network that is expected to continue following his release. In this vein, Defendant has two children over whom he has joint custody. These children have been residing with him while their mother seeks treatment for alcohol and drug abuse. Defendant will benefit from a term of imprisonment that permits him to seek his own treatment for drug use.

The sentence imposed by the Court should "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A). To date, despite his criminal history, Defendant has not been incarcerated. A term of imprisonment is necessary so that Defendant recognizes the seriousness of his offense. Defendant was convicted of two counts of felon in possession of a firearm. The firearms possessed by Defendant were hunting rifles found in his home, and Defendant made a previous effort to store these weapons at the home of his father. In promoting respect for the law, the Court notes that a sentence in the guideline range is excessive and is unneeded to protect the public from this Defendant. 18 U.S.C. § 3553(a)(2). To provide "just punishment for the offense," Defendant must be incarcerated

for a term which enables him to receive treatment for his drug use and to demonstrate the consequences of his actions without undoing the fabric of his life.  18 U.S.C. § 3553(a)(2)(A).  Having reviewed the factors in section 3553(a), the Court imposes a term of imprisonment for 12 months to be followed by a three (3) year term of supervised release.  18 U.S.C. § 3553(a)(2)(A).  Defendant is further ordered to pay a fine in the amount of $2,500.00 and a $200 mandatory special assessment.

    IT IS SO ORDERED this 17th day of February 2010.

                                */s/ Robert T. Dawson*
                                Honorable Robert T. Dawson
                                United States District Judge